JOHNSON, Judge.
This is an appeal from a judgment and sentence pursuant to a plea of nolo con-tendere.
The appellant on October 13, 1973, was first charged with forgery and uttering a forged credit card; but upon May 17, 1974, in open court, an amended information was filed charging the appellant with fraudulent use of a credit card, and on June 28, 1974, the trial court, after a PSI, sentenced appellant to State Prison for 5 years, with credit for 136 days in jail time.
The Public Defender was appointed to represent the appellant on this appeal. The Public Defender has filed his brief in this Court in which he raises five points of error. We cannot agree with the appellant’s points in their entirety. We disagree with Point I, Point II and Point V, as being without sufficient merit to need further treatment in this opinion.
As to Point III, which is as follows :
WHETHER THE TRIAL COURT ERRED IN ACCEPTING THE DEFENDANT’S NOLO CONTENDERE PLEA WITHOUT FIRST ASCERTAINING ON THE RECORD A FACTUAL BASIS FOR THAT PLEA CONTRARY TO RULE 3.170(j) FRCrP, THUS DENYING DEFENDANT DUE PROCESS OF LAW UNDER BOTH THE FLORIDA AND UNITED STATES CONSTITUTIONS?
In the record before us, there is a record of a hearing conducted before Judge John A. Rudd on May 17, 1974, in which the appellant, pursuant to a plea bargaining between counsel for appellant and the Assistant State Attorney, the State Attorney filed the amended information, referred to supra, and considerable conversation was conducted between the trial court and the State Attorney and Mr. Kearney, Assistant Public Defender who was representing the appellant. The appellant was listening to all this conversation, and finally, in answer to a direct question from the court, to wit:
“Mr. McKie, have you been following generally the conversation that’s been going around here?
“DEFENDANT: Yes, sir, of what little I know about the law, yes.
“THE COURT: Sir?
“DEFENDANT: What little I know about it, yes, sir.”
The trial court went into an extended explanation with and to the appellant about the use of the forged credit card; about his rights and penalties; even discussed the use of the polygraph test, which was suggested by counsel for appellant and agreed to by appellant without any suggestion from the Court. A reading of the transcript of this latter hearing can lead to no conclusion except that there was an actual factual ascertainment that the factual basis for the plea of nolo contendere was complied with, although not required by Rule 3.170(j) FRCrP. Any further dwelling on this Rule in this record would have been mere repetition. We, therefore, found no error in this phase of this proceedings.
*203 As to Point IV, it is clear that a clerical error was committed by the trial court. The plea of nolo contendere was to the single count of fraudulent use of a credit card, but the judgment and sentence contained the language: “. . . adjudges the defendant guilty of ‘forgery of a credit card and uttering a credit card.’ ” This clerical error is admitted by the State, and in order to correct this error, this Court does hereby temporarily remand this cause to the trial court with directions to conform the judgment and sentence and commitment to reflect the offense of “fraudulent use of a credit card.”
We affirm the trial court’s ruling and actions in this case in every respect except as to the need to conform the judgment to the offense, and if conformed, the case will stand affirmed nunc pro tunc, without the need for appellant’s presence in Court.
Remanded for correction of clerical error.
RAWLS, C. J., and MILLS, J., concur.